# Cunningham, Appellant, *v.* Wallace.

*Partition—Master—Compensation—Discretion of court—Appeals.*

The Supreme Court will not reverse a decree of the court below fixing the fee of a master in partition, where it is not convinced that there has been any abuse of the discretion of the lower court.

Argued Oct. 18, 1905.    Appeal, No. 42, Oct. T., 1905, by plaintiff, from decree of C. P. Lawrence Co., June T., 1901, No. 3, on bill in equity in partition in case of J. P. H. Cunningham and S. W. Cunningham v. Caroline C. Wallace et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for partition.

WALLACE, P. J., filed the following opinion :

This case came before me on exceptions to compensation of master.

It was fixed by the court at $4,500, when plaintiffs claimed it was excessive and fixed without notice to them ; the matter was referred to the master to be considered by him in his distribution of the fund.

The master reported the same amount,whereupon exceptions were filed before him and are now renewed in court, the exceptants representing about one-half of the estate.

The services in this case were of a very complicated nature, requiring not only skill and ability as a member of the bar, but the exercise of more than ordinary care and involving considerable labor and responsibility.

The master performed all the duties imposed upon him faithfully and well and to the satisfaction of all the parties interested. Their own agreement says : " The entire partition and all the various proceedings therein, and the execution by the master of the decree appointing him are satisfactory and are hereby duly approved."

The master awarded two purparts to two of the heirs at their bid of $6,472, and advertised all the remaining purparts for sale at public outcry as directed by law and order of court, and sold at public sale several of the purparts for $125,910.50, and at the instance of the parties in interest adjourned the sale of the remainder from time to time, until the heirs entered into an agreement by the terms of which each of the heirs agreed to take certain of the purparts at certain prices and that the master should report as sold at public sale.    This was in effect a private sale to the several parties for $35,467.

His service and responsibility extended to the entire prop-

erty which was so sold by him.    The total amount distributed by him, and for which he was responsible was $167,849.50, his fees were fixed a little more than $\frac{2}{3}$ of 5%.

It was agreed for exceptants that he should only be allowed commission upon the property actually sold at public sale. This amounted to $125,910.50, and if we should allow commissions on that alone, and in addition compensation for the labor, care, skill and ability, outside of these public sales, it would aggregate more than the amount we have allowed him; without going into details, however, our knowledge of this case, and of all the proceedings satisfies me that the amount is not excessive but upon the contrary is a reasonable compensation.

Now, December 31, 1904, the exceptions are therefore dismissed and the adjudication fixing the master's fees at $4,500 is confirmed absolutely and it is ordered, adjudged and decreed that said amount be retained by him out of the moneys of the estate in his hands.

*Error assigned* was the decree of the court.

*S. W. Dana*, with him *Robert K. Aiken* and *C. H. Akens*, for appellant.

*James A. Gardner*, for appellee.

PER CURIAM, January 2, 1906:

The services of the master were familiar to the court below, and he was in better position to judge as to the proper compensation than we can be.    We have not been convinced that there was any abuse of his discretion, and the judgment is therefore affirmed on his opinion.